

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-16-00105-CR
_____

BRODRICK WALKER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 102nd District Court
Bowie County, Texas
Trial Court No. 14F1032-102

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Broderick Walker was convicted by a jury of two counts of aggravated sexual assault of a child and was sentenced to imprisonment for life on both counts. Walker appeals.

Walker's appellate counsel filed a brief that outlined the procedural history of the case, provided a detailed summary of the evidence elicited during the course of the trial court proceedings, and stated that counsel found no meritorious issues to raise on appeal. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal. Counsel provided Walker with copies of the brief, the appellate record, and the motion to withdraw. Counsel also informed Walker of his right to review the record and file a pro se response.

In response to counsel's *Anders* brief, Walker has filed a pleading in which he (1) argues that the complaint against him was defective because it was signed by a peace officer instead of the victim, (2) asserts an actual innocence claim, and (3) claims that the Bowie County District Attorney's Office committed fraud and obstruction of justice by colluding with the Bowie County Public Defender's Office to conceal evidence allegedly exonerating him. After reviewing the record, we find that these points are without merit.

2

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record, and we agree with counsel that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In the *Anders* context, once we determine that the appeal is without merit and is frivolous, we must either dismiss the appeal or affirm the trial court's judgment. *See Anders*, 386 U.S. 738.

We affirm the judgment of the trial court.[1]


Ralph K. Burgess
Justice


Date Submitted: April 5, 2017
Date Decided: April 20, 2017

Do Not Publish

---

[1]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.